# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| LAMAR ELLIS, | CASE NO. 10cv2251-IEG(BGS) |
| --- | --- |
| Petitioner, | |
| vs. | Order Granting Respondent's Motion to Dismiss Petition |
| COMMISSIONER OF INTERNAL REVENUE; JONATHAN ANDREWS, | |
| Respondent. | |

Petitioner Lamar Ellis seeks to quash an IRS summons issued to the Custodian of Records of GODADDY.COM, Inc. The government has filed a motion to dismiss the petition for lack of subject matter jurisdiction. Petitioner did not file an opposition to the motion.[1] The Court previously found the motion appropriate for submission on the papers and without oral argument. The government's motion to dismiss is GRANTED.

### *Discussion*

The government moves to dismiss the petition under Fed. R. Civ. P. 12(b)(1) for lack of jurisdiction.

*1.   Revenue Agent Jonathan Andrews*

The doctrine of sovereign immunity bars actions against federal officers in their official

---

[1] Petitioner filed a notice of stay of proceedings, citing ongoing proceedings before the U.S. Tax Court. Nothing in the tax court statutes or rules, however, require a stay of federal court proceedings pending the resolution of matters pending in that court.

1 capacity. In such cases, the proper defendant, if any, is the United States. Gilbert v. DaGrossa,
2 756 F.2d 1455, 1458 (9th Cir. 1985) (a suit against IRS employees in their official capacity is
3 essentially a suit aginst the United States). The only relief sought by Petitioner is to quash the
4 summons issued by Revenue Agent Andrews in accordance with 26 U.S.C. §§ 7602 and 7603.
5 Such claim against Revenue Agent Andrews is barred by sovereign immunity. Gilbert, 756 F.2d
6 at 1459.

      2. *Suit Against the United States*

      The United States is immune from suit unless there is a valid waiver of sovereign immunity. Valdez v. United States, 56 F.3d 1177, 1179 (9th Cir. 1995). The only statute providing the court with jurisdiction to quash an IRS summons is 26 U.S.C. § 7609(b). Section 7609(b), therefore, is the exclusive method by which a taxpayer can challenge a summons issued by the IRS. Ponsford v. United States, 771 F.2d 1305, 1309 (9th Cir. 1985). The procedures for filing a petition to quash are set forth in § 7609(b) as follows:

> (A) In general. – Notwithstanding any other law or rule of law, any person who is entitled to notice of a summons under subsection (a) shall have the right to begin a proceeding to quash such summons not later than the 20th day after the day such notice is given in the manner provided in subsection (a)(2). In any such proceeding, the Secretary may seek to compel compliance with the summons.

Pursuant to subsection (b)(2)(A), the petition to quash must be filed within 20 days after notice of the summons is given to the taxpayer. This 20-day period is jurisdictional, and the court must dismiss a petition not filed within that time period. Ponsford, 771 F.2d at 1309; Clay v. United States, 199 F.3d 876, 879 (6th Cir. 1999); Faber v. United States, 921 F.2d 1118, 1119 (10th Cir. 1990). The 20-day time period under § 7609(b)(2)(A) begins to run on the date that notice of the summons is *mailed* to the taxpayer, not the date on which it is received. Berman v. United States, 264 F.3d 16, 18-19 (1st Cir. 2001); Clay, 199 F.3d at 878; Stringer v. United States, 776 F.2d 274, 275-76 (11th Cir. 1985); 26 C.F.R. § 301.7609-4(b)(2) (requiring that proceeding to quash a summons be instituted "not later than the 20th day following the day the notice of the summons was served on or mailed to such person"). Section 7609(a)(2) provides that notice given to a taxpayer is "sufficient" if it "is mailed by certified or registered mail to the last known address of such person, or, in the absence of a last known address, is left with the person summoned." This

1  language evidences an intent to relieve the government of the obligation to provide actual notice to
2  the taxpayer.  <u>Berman</u>, 264 F.3d at 19.
3       Here, Petitioner filed his petition to quash on October 29, 2010, 29 days after the
4  government sent notice of the summons to him by certified mail on September 30, 2010.  Thus, the
5  petition is untimely and the Court lacks jurisdiction.[2]

### *Conclusion*

7       For the reasons explained herein, the government's motion to dismiss is GRANTED.  The
8  petition to quash is dismissed.
9       **IT IS SO ORDERED**.
10 **DATED:  March 22, 2011**

                         _____
                         **IRMA E. GONZALEZ, Chief Judge**
                         **United States District Court**

---

[2]The government asserts the Court lacks subject matter jurisdiction because (1) under 26 U.S.C. § 7609(h), the petition to quash must be filed in the district where the summoned party "resides or is found," and (2) the petition to quash was not filed until after the response date for the summons.  In addition, the government argues the Court lacks personal jurisdiction over the United States because the petitioner did not properly serve the petition.  Because the Court concludes the petition was filed beyond the jurisdictional time period set forth in § 7609(b)(2)(A), it need not address these additional arguments.